IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FIKRI BAYRAMOGLU, | ) | No. C 11-3556 JSW (PR) |
| Plaintiff, | ) | **ORDER OF SERVICE** |
| v. | ) | |
| E. BANALES, et al., | ) | (Docket Nos. 11, 21, 23) |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against a number of officials at the California Training Facility in Soledad, California, where Plaintiff was formerly incarcerated. He has also applied for leave to proceed in forma pauperis in a separate order. The Court now reviews the amended complaint and dismisses it for failure to state a cognizable claim for relief.

## DISCUSSION

**I.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.     Plaintiff's Claims**

       1.     <u>Verbal Harassment</u>

Plaintiff claims that Defendant Banales engaged in "inappropriate, unprofessional

behavior" by using "extreme vulgar" language.[1] (Complaint at 5.) Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee). Consequently, the claim against Defendant Banales will be dismissed for failure to state a cognizable claim for relief.

2. Disciplinary Proceedings

Plaintiff claims that Defendant Hancock "fabricat[ed] a bogus trump-up" disciplinary charge against Plaintiff for "threatening staff" when he filed a staff complaint. (Complaint at 5.) He claims that Defendant Vera found him guilty for these "fabricated" charges. (Complaint, Supplement at 1-2.)[2] He claims that Defendant Santiago conspired with them by denying his appeal of the guilty finding. (Complaint, Supplement at 2-3.) He seeks to have the disciplinary violation expunged from his record. (Complaint at 6.) Plaintiff claims that these actions violated his First and Fourteenth Amendments.

The fact that a prisoner may have been innocent of disciplinary charges does not raise a due process issue; the Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*,

---

[1] He does not state what Banales said, but the attachments to the complaint indicate he called Plaintiff a "mother [expletive]" and said that he would "[expletive] your mother."

[2] The supplemental is attached to the form complaint.

720 F.2d 863, 868 (5th Cir. 1983).  Consequently, the claim that Defendants Hancock and Vera violated his Fourteenth Amendment rights by disciplining him for charges of which he is innocent does not state a cognizable claim for relief.

Plaintiff alleges that the disciplinary measures were taken for statements he made in an administrative complaint about staff, and that these statements were protected by the First Amendment.  When liberally construed, these allegations state a cognizable claim under the First Amendment for retaliation for Plaintiff's exercise of his First Amendment rights.  *See generally Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).

### 3. Administrative Appeals

Plaintiff claims that Defendant Santiago failed improperly processed and denied appeals of administrative grievances.  The denial or failure to process administrative grievances to process administrative is not a cognizable claim for relief because there is no constitutional right to a prison administrative appeal or grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Consequently, the claims against Defendant Santiago for denying administrative appeals and improperly processing them is not cognizable.

### 4. Excessive Force

Plaintiff alleges that Defendant D. Branch applied handcuffs on Plaintiff unnecessarily tightly and high on his arms.  When liberally construed, this claim is cognizable as a violation of the Eighth Amendment by the use of excessive force.

## CONCLUSION

For the foregoing reasons,

1. The claims against Defendants Branch, Santiago, Vera, and Hancock under the First and Eighth Amendments as described above are allowed to proceed.  All other claims are DISMISSED.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments

1     thereto, and a copy of this order upon Defendants: **Lieutenant C.C. Hancock,**
2     **Lieutenant J. Vera, Appeals Coordinator A. P. Santiago, and Correctional Officer**
3     **D. Branch** at **the California Training Facility in Soledad, California**.
4          <u>The Clerk shall also mail a courtesy copy of the complaint and this order to the</u>
5     <u>California Attorney General's Office.</u>
6          The Clerk shall also serve a copy of this order on Plaintiff.
7          3.     Defendants shall answer the complaint in accordance with the Federal
8     Rules of Civil Procedure.
9          4.     In order to expedite the resolution of this case, the Court orders as follows:
10              a. No later than **ninety (90) days** from the date this order is filed,
11    Defendants shall either file a motion for summary judgment or other dispositive motion,
12    or a notice to the Court that they are of the opinion that this matter cannot be resolved by
13    dispositive motion. The motion shall be supported by adequate factual documentation
14    and shall conform in all respects to Federal Rule of Civil Procedure 56.
15         **Defendants are advised that summary judgment cannot be granted, nor**
16    **qualified immunity found, if material facts are in dispute. If defendants are of the**
17    **opinion that this case cannot be resolved by summary judgment, they shall so**
18    **inform the Court prior to the date the summary judgment motion is due**.
19         All papers filed with the Court shall be promptly served on the Plaintiff.
20              b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with
21    the court and served upon defendants no later than thirty days from the date of service of
22    the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING,"
23    which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.
24    1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).
25         If defendants file an unenumerated motion to dismiss claiming that plaintiff failed
26    to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
27    plaintiff should take note of the attached page headed "NOTICE -- WARNING
28    (EXHAUSTION)." *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

    c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

  7. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

  8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED: December 21, 2011

            _____
            JEFFREY S. WHITE
            United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

|   |   |   |
|---|---|---|
| 1 | | UNITED STATES DISTRICT COURT |
| 2 | | FOR THE |
| 3 | | NORTHERN DISTRICT OF CALIFORNIA |

FIKRI BAYRAMOGLU,

        Plaintiff,

  v.

E. BANALES et al,

        Defendant.

Case Number: CV11-03556 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 21, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fikri Bayramoglu C-54604
Chuckawalla Valley State Prison
P.O. Box 2349
Blythe, CA 92226

Dated: December 21, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk