IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIKRI BAYRAMOGLU, | No. C 11-03556 YGR (PR) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; AND DIRECTING HIM TO PROVIDE INFORMATION NECESSARY TO LOCATE DEFENDANT D. BRANCH** |
| vs. | |
| E. BANALES, et al., | |
| Defendants. | |

Plaintiff Fikri Bayramoglu, a state prisoner incarcerated at the California Men's Colony, filed the present *pro se* civil rights action under 42 U.S.C. § 1983 against a number of officials at the California Training Facility ("CTF") in Soledad, California, where Plaintiff was formerly incarcerated. The Court reviewed the complaint pursuant to 28 U.S.C. §1915A, found that the complaint stated a claim for relief upon certain named Defendants, and ordered service of process on them. (Docket No. 13.) The Court also instructed the parties that "[d]iscovery may be taken in accordance with the Federal Rules of Civil Procedure." (Dec. 21, 2011 Order at 6.)

Thereafter, Plaintiff filed an amended complaint and a motion to compel. In addition, service has been ineffective on Defendant Correctional Officer D. Branch.

**I.     Plaintiff's Motion to Compel**

Before the Court is Plaintiff's motion for an order compelling discovery. According to Plaintiff, he "filed his 'First Request for Production of Documents, Pursuant to Rule 26 and 34 FRCP' on January 2, 2012." (Mot. to Compel at 1-2.) He claims that "since that time [he received] no response from the defendants." (*Id.* at 1.) Therefore, he "requests an Order from this Hon. Court ordering the Defendants to produce the pictures that [were] requested in Plaintiff's above noted request on Jan. 2, 2012 . . . ." (*Id.* at 2.)

As mentioned above, the Court has previously instructed the parties that discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. For Plaintiff's information, the proper manner of promulgating discovery is to send

demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

It is not an effective or appropriate use of the Court's limited resources for it to oversee all aspects of discovery. Thus, before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party. It is only when the parties are unable to resolve the dispute after making a good faith effort to do so should they seek the Court's intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants *in person.* Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

Here, Plaintiff did not meet and confer with Defendants, which would have afforded them with a final opportunity to address each request upon which he now asks the Court to rule. Moreover, it may be that Plaintiff will obtain some sought-after discovery if Defendants file a motion for summary judgment and accompanying exhibits, with which Defendants shall also serve Plaintiff. For these reasons, Plaintiff's motion to compel (docket no. 17) is DENIED as premature.

**II.    Unserved Defendant Branch**

The summons for Defendant Branch was returned unexecuted on February 17, 2012. The United States Marshall has informed the Court that the CTF Litigation Coordinator stated on February 15, 2012 that there was "no record at CTF of an employee by this name." (Docket No. 18.)

1    While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not remain
2 silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service
3 upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has
4 knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to
5 effectuate service and the plaintiff is so informed, the plaintiff must seek to remedy the situation or
6 face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m).
7 *See* Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a
8 defendant in 120 days after the filing of the complaint, the action must be dismissed without
9 prejudice as to that defendant absent a showing of "good cause"); *see also Walker v. Sumner*, 14
10 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be
11 dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient
12 information to serve official).

13    No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the
14 Court with a current address for Defendant Branch. Plaintiff should review the federal discovery
15 rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the
16 current address of this Defendant.

## CONCLUSION

18    For the foregoing reasons, the Court orders as follows:

19    1.    Plaintiff's motion to compel (docket no. 17) is DENIED as premature.

20    2.    No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must
21 provide the Court with a current address for Defendant Branch. **If Plaintiff fails to provide the**
22 **Court with the current address of Defendant Branch within the twenty-eight-day deadline, all**
23 **claims against this Defendant will be dismissed without prejudice under Rule 4(m).**

24    3.    The Court will review Plaintiff amended complaint in a separate written Order.

25    4.    This Order terminates Docket No. 17.

26    IT IS SO ORDERED.

27 DATED: September 27, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.11\Bayramoglu3556.denyMTC&locateBRANCH.wpd    3